UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM BRANDT and**<br>**DONNA BRANDT,** | Civ. No. 06-5424 (WJM) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **ANHEUSER-BUSCH, INC.,** | **HON. WILLIAM J. MARTINI** |
| **Defendant.** | |

Terry J. Finkelstein
6 Cornwall Court, Suite D
East Brunswick, NJ 08816

     (*Attorney for Plaintiffs*)

John K. Bennett
Connell Foley LLP
85 Livingston Ave.
Roseland, NJ 07068-3702

     (*Attorney for Defendant*)

**MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Anheuser-Busch's motion to dismiss

Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose the

motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons

expressed herein, Defendant's motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED**.

**BACKGROUND AND PROCEDURAL HISTORY**

According to the Complaint, the Anheuser-Busch brewery in Newark, NJ, where Plaintiff

William Brandt began working in 1989, has a written policy requiring employees to submit to

drug testing.  (Compl. at 2.)  Pursuant to this policy, Mr. Brandt was tested for drugs in 2001, by

means of submitting a hair for testing at an independent laboratory.  (*Id.*)  Plaintiffs allege that

although the drug test reading was below the "minimum detection level," and thus was not

reliable, Mr. Brandt was nonetheless discharged by Defendant on August 14, 2001 for testing

positive for drugs.  (*Id.*)

     As a result of Mr. Brandt's allegedly wrongful discharge, Mr. Brandt and his wife, Donna

Brandt, filed this action in the Superior Court of New Jersey on September 1, 2006, alleging (1)

common law breach of contract, (2) infliction of emotional distress, and (3) loss of consortium.

Defendant properly removed the case to this Court, and now moves to dismiss all three counts for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**DISCUSSION**

**I.**     **Standard for Dismissal Pursuant to Rule 12(b)(6)**

     To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff

must set forth sufficient information to outline the elements of his claims or to permit inferences

to be drawn that these elements exist.  *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957).  In deciding such a motion, a court must take all allegations in complaint as true,

and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501

(1975).  A court need not, however, accept legal or unsupported conclusions, unwarranted

inferences, or sweeping legal conclusions cast in the form of factual allegations.  *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

     Generally, a district court ruling on a motion to dismiss may not consider matters

extraneous to the pleadings.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d

2

Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  However, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *In re Burlington Coat Factory*, 114 F.3d at 1426 (internal quotations omitted).

If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## II.     Count One:  Breach of Contract

### A.     Preemption

 Defendant argues that because Plaintiffs' common-law breach of contract claim is necessarily dependent upon the provisions of a collective bargaining agreement, it is completely preempted by federal labor law.  Intended to avoid inconsistent, state-specific resolutions of disputes arising under collective bargaining agreements, § 301 of the Labor and Management Relations Act ("LMRA") completely preempts state law claims which depend upon the meaning of a collective bargaining agreement.  29 U.S.C. § 185(a); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1536 (3d Cir. 1992).  As the Supreme Court has held, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (U.S. 1985).  Where the resolution of a state law claim is

substantially dependent upon the analysis of terms in a collective bargaining agreement, the

claims must either be treated as a § 301 claim or dismissed as preempted by federal law. *Id*. at

220.

Although the parties dispute which of two collective bargaining agreements was in effect

at the time of Mr. Brandt's termination — the 1994-1998 Agreement between Anheuser-Busch

and Teamsters Local 102, or the 1998-2004 Agreement which had not yet been fully drafted,

reviewed and signed — Defendant argues, and Plaintiffs apparently concede, that Plaintiffs'

claim for common-law breach of contract in this action is dependent upon interpretation of

whichever collective bargaining agreement was then in effect.  (Def.'s Reply Br. Supp. Mot. to

Dismiss ("Def.'s Reply Br.") 7-8; Pls.' Br. Opp. Mot. to Dismiss ("Pls.' Br.") 2-3.)  Plaintiffs

argue that the drug-testing provisions in the 1994-1998 Agreement were still applicable at the

time of Mr. Brandt's termination, and claim that because the prior agreement required *three*

positive drug tests before termination, Mr. Brandt should not have been discharged after only *two*

such tests.  (Pls.' Br. 2-3.)  However, the Court need not determine which of the two labor

contracts actually applied.  It is clear that resolution of Plaintiffs' claim would require this Court

to interpret the drug-testing provisions and the just-cause discharge provisions of whichever

collective bargaining agreement was applicable at the time of Mr. Brandt's testing and discharge.

Plaintiffs' breach of contract claim is, therefore, completely preempted by § 301, and must be

dismissed.  *Lingle*, 486 U.S. at 405-06.

B.      Leave to Amend

In their opposition brief, Plaintiffs request leave to amend their Complaint to assert a

claim under § 301.  (Pls.' Br. 2-3.)  Defendant argues that Plaintiffs cannot in fact assert such a

claim because (1) Mr. Brandt failed to resort to or exhaust his contractual remedies made available under the grievance-arbitration provisions of the 1998-2004 Agreement, and (2) the applicable statute of limitations expired more than four years ago.  (Def.'s Br. Supp. Mot. to Dismiss ("Def.'s Br.") 17-19; Def.'s Reply Br. 9-12.)

Technically, under Fed. R. Civ. P. 15(a), Plaintiffs can amend their Complaint at this stage without leave of court.  Despite the language of Rule 15(a), however, "[i]t is well established that even before a responsive pleading has been filed, a District Court may dismiss a plaintiff's claim without leave to amend where 'any amendment would be futile.'"  *Roberts v. Mayor & Burgesses of the London Borough of Brent*, 70 Fed. Appx. 615, 619 (3d Cir. 2003) (quoting *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).  For the reasons discussed below, the Court agrees with Defendant that in this case, amendment would in fact be futile.

Plaintiffs do not appear to contest the fact that Mr. Brandt failed to exhaust his contractual remedies.  (Pls.' Br. 2-3.)  Rather, they argue that this failure should be excused because the Union breached its fair duty of representation towards Mr. Brandt, failing to represent him because he owed approximately $300 in Union dues.  (*Id.*)  Plaintiffs have pleaded no facts in support of this claim, which is not mentioned in the Complaint, but is raised for the first time in Plaintiffs' opposition brief.  Additionally, Plaintiffs have not cross-moved seeking leave to amend their Complaint, nor have they attached a copy of their proposed Amended Complaint in order to demonstrate a good faith basis for their claim, as required by Local Civil Rule 7.1(f).

Even if the Court were inclined to allow Plaintiffs to amend the Complaint to allege that the Union failed to represent Mr. Brandt adequately in the discharge process, the Court agrees

with Defendants that the applicable statute of limitations would preclude Plaintiffs' claim.  (*See* Def.'s Reply Br. 9-12.)  A hybrid suit such as this must be brought within the six-month statute of limitations mandated by § 10(b) of the NLRA.  *See* 29 U.S.C. § 160(b); *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983);  *Myers v. AK Steel Corp.*, 156 Fed. Appx. 528, 530 (3d Cir. 2005).  This six-month period begins to run when a plaintiff "knows, or reasonably should have known, of the acts constituting the union's wrongdoing." *Downey v. United Food & Commercial Workers Union*, 946 F. Supp. 1141, 1153 (D.N.J. 1996).  Here, the alleged wrongdoing by the Union is its failure to assist Mr. Brandt with filing a grievance or to otherwise advocate for his position in connection with his discharge.  (Pls.' Br. 2-3.)  Defendant argues that under the grievance procedures outlined in the 1998-2004 Agreement (Saggau Aff. Ex. A, Art.8, § 1, at 17-18), Mr. Brandt would have known on August 19, 2001, five business days after his discharge, that the Union was not going to undertake any action on his behalf.  *See Balsavage v. Ryder Truck Rental, Inc.*, 712 F. Supp. 461, 470 (D.N.J. 1989).  Therefore, Defendant argues, the six-month statute of limitations commenced on that date and expired in February 2002, more than four and a half years before Plaintiffs filed their Complaint in this action.  (Def.'s Br. 18-19.)  Although Plaintiffs purport to rely on the 1994-1998 Agreement (Pls.' Br. 2-3), neither party has provided that agreement to the Court on this motion to dismiss. Nonetheless, Plaintiffs have not argued that the relevant provision in the 1994-1998 Agreement provided for a different or uncertain time period within which the Union was to act, if at all, on behalf of Mr. Brandt.

In any event, regardless of which agreement applied, the Court finds that the Union's failure to act should have been discoverable almost immediately upon Mr. Brandt's termination.

*See Carrington v. RCA Global Comm.*, 762 F. Supp. 632, 639 (D.N.J. 1991). "[T]he discovery rule for 'hybrid' claims imposes a duty to exercise due diligence, which 'means familiarity with the collective bargaining agreement, and the making of such inquiries as would be reasonably calculated to acquire the pertinent information concerning the union's breach.'" *Id*. (quoting *Balsavage*, 712 F.Supp. at 473) (internal citation omitted). Plaintiffs have neither pleaded nor argued any set of facts from which this Court could conclude that Mr. Brandt did not or should not have reasonably discovered the facts underlying his cause of action before more than four years had passed.

Consequently, the Court finds that amendment of the Complaint to assert a § 301 claim would be futile, because such a claim would clearly be untimely under the six-month statute of limitations for hybrid claims. Count One of Plaintiffs' Complaint is therefore dismissed.

### III.    Counts Two and Three:  Infliction of Emotional Distress and Loss of Consortium

To establish a claim for intentional infliction of emotional distress under New Jersey law, a plaintiff must show (1) that the defendant intended to cause emotional distress, (2) that the defendant's conduct was extreme and outrageous, (3) that the defendant's actions proximately caused emotional distress, and (4) that the plaintiff's emotional distress was severe. *Buckley v. Trenton Savings Fund Soc.*, 111 N.J. 355, 366 (1988). Generally, for conduct to be actionable, the emotional distress must be "so severe that no reasonable [person] could be expected to endure it." *Id.* at 366-67 (quoting Restatement (Second) of Torts, § 46 cmt. j at 77 (1965)). Here, Plaintiffs merely allege that as a result of Mr. Brandt's allegedly wrongful discharge, "Defendant did inflict severe emotional distress, in the nature of the tort of outrage, against plaintiffs," and that "[a]s a result, plaintiffs are very upset emotionally." Compl. at 3. Because

7

the Court finds that the conduct alleged by Plaintiffs cannot rise to the level of extreme and

outrageous conduct on the part of Defendant, this claim must be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6).

Establishing extreme and outrageous conduct requires a plaintiff to demonstrate conduct

"so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Buckley*, 11 N.J. at 366.  The contours of this tort are particularly narrow in the employment

context.  *See Bodnar v. Imagistics Int'l, Inc.*, No. 04-3451, 2006 U.S. Dist. LEXIS 12439, at *18

(D.N.J. March 20, 2006).  Indeed, courts have found that "'it is extremely rare to find conduct in

the employment context which will rise to the level of outrageousness necessary to provide a

basis for recovery.'"  *Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 297 (N.J. App. Div.

2001) (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988)).  *See also DeJoy*

*v. Comcast Cable Comm.*, 968 F. Supp. 963, 996 (D.N.J. 1997).

An intentional infliction of emotional distress claim is rarely disposed of on a motion to

dismiss.  *See Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 349 (D.N.J.

2006).  Nonetheless, even accepting Plaintiffs' allegations as true and applying the liberal

pleading requirements of Rule 8, the Court finds that no facts have been alleged that might

demonstrate extreme and outrageous conduct on the part of the Defendant which caused the

Plaintiffs to suffer severe emotional distress.  *See id.*; *Rivera v. Cracker Barrel Old Country*

*Store*, No. 02-4160,  2003 U.S. Dist. LEXIS 26838, at **16-17 (D.N.J. Mar. 3, 2003).

Therefore, Plaintiffs have not asserted sufficient allegations to support a viable cause of action

for infliction of emotional distress.

Moreover, because the Plaintiffs have not alleged a cognizable tort claim, Mrs. Brandt

cannot maintain her derivative loss of consortium claim.  *See Reilly v. Prudential Prop. & Cas.*

*Ins. Co.*, 653 F. Supp. 725, 735 (D.N.J. 1987).  Accordingly, the Court will dismiss Counts Two

and Three of the Complaint.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Anheuser-Busch's motion to dismiss the Complaint

is **GRANTED** in its entirety, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

An appropriate Order accompanies this Opinion.


<u>Dated:</u> 4/19/07


s/William J,. Martini

**William J. Martini, U.S.D.J.**